**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Columbia
                                    (State)

Case number (*If known*): _____  Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
   Allied Telecom Group, LLC

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  
   3 0 – 0 1 5 5 2 5 9

4. **Debtor's address**

   **Principal place of business**  
   2000 Pennsylvania Ave, NW  
   Number    Street  
   Suite 7000  

   Washington           DC    20006  
   City                 State  ZIP Code  

   _____  
   County

   **Mailing address, if different from principal place of business**  
   Number    Street  
   P.O. Box  
   City         State    ZIP Code  

   **Location of principal assets, if different from principal place of business**  
   Number    Street  
   City         State    ZIP Code

5. **Debtor's website** (URL)  
   https://www.alliedtelecom.net/

Debtor  Allied Telecom Group, LLC _____  Case number *(if known)*_____
       Name

| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
|   |   | ❑ Partnership (excluding LLP) |
|   |   | ❑ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))
❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
❑ Railroad (as defined in 11 U.S.C. § 101(44))
❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))
❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))
❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)
❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5  1  7  1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

❑ Chapter 7
❑ Chapter 9
■ Chapter 11. *Check **all** that apply*:

  ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

  ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

  ❑ A plan is being filed with this petition.

  ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ■ No |
|---|---|---|
|   | If more than 2 cases, attach a separate list. | ❑ Yes. District _____ When _____ Case number _____ |
|   |   |             MM / DD / YYYY |
|   |   | District _____ When _____ Case number _____ |
|   |   |             MM / DD / YYYY |

Debtor __Allied Telecom Group, LLC_____     Case number (*if known*)_____
      Name

| | | |
|---|---|---|
| **10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ■ No ☐ Yes. | Debtor _____ Relationship _____ District _____ When _____ MM / DD / YYYY Case number, if known _____ |

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | Check all that apply: ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| | |
|---|---|
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. **Why does the property need immediate attention?** (*Check all that apply*.) ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.    What is the hazard? _____ ☐ It needs to be physically secured or protected from the weather. ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). ☐ Other _____ **Where is the property?** _____      Number    Street _____ _____   _____  _____  City                           State  ZIP Code **Is the property insured?** ☐ No ☐ Yes. Insurance agency _____         Contact name _____              Phone _____ |

### Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | Check one: ☐ Funds will be available for distribution to unsecured creditors. ■ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ■ 1-49       ☐ 1,000-5,000      ☐ 25,001-50,000 ☐ 50-99      ☐ 5,001-10,000     ☐ 50,001-100,000 ☐ 100-199    ☐ 10,001-25,000    ☐ More than 100,000 ☐ 200-999 |

Debtor __Allied Telecom Group, LLC__   Case number (if known) _____
     Name

| 15. Estimated assets | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ■ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| 16. Estimated liabilities | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>■ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __12/23/2025__
           MM / DD / YYYY

✗ _Ken Williams_   Ken Williams
Ken Williams (Dec 23, 2025 01:29:27 GMT+3)
Signature of authorized representative of debtor    Printed name

Title __Designated Officer__

**18. Signature of attorney**

✗ __/s/ Jennifer E. Wuebker__   Date __12/23/2025__
Signature of attorney for debtor            MM / DD / YYYY

Jennifer E. Wuebker
Printed name
Hunton Andrews Kurth LLP
Firm name
951 E. Byrd Street
Number    Street
Richmond      VA      23219
City                    State      ZIP Code

(804)788-8200      jwuebker@hunton.com
Contact phone            Email address

# 1035039      DC
Bar number             State

# RESOLUTIONS OF
# ALLIED TELECOM GROUP, LLC

The undersigned, being the majority member of Allied Telecom Group, LLC, a District of Columbia limited liability company (the "*Company*"), hereby consents in writing to the adoption of, and do hereby adopt and ratify, the following resolutions by the Company:

**WHEREAS,** the Company entered into that certain loan and security agreement, dated as of December 21, 2020 (the "*Loan Agreement*"), with Quaint Oak Bank (the "*Lender*"), pursuant to the Main Street Priority Loan Facility, as established by the Board of Governors of the Federal Reserve System under Section 13(3) of the Federal Reserve Act;

**WHEREAS,** pursuant to the Loan Agreement, the Lender provided a term loan to the Company in the original principal amount of $10,790,272.00 (the "*Loan*") for the Company to maintain or reinstate operations and payroll disrupted as a result of the COVID-19 pandemic;

**WHEREAS,** the Loan matures on December 24, 2025 (the "*Maturity Date*");

**WHEREAS,** the Lender sent the Company a final maturity notice on October 14, 2025, advising the Company that (i) the Loan is due to be paid in full in the amount of $7,873,918.71 (the "*Payoff Amount*") on the Maturity Date, (ii) there would be no extension of the Maturity Date, and (iii) failure to pay the Payoff Amount by the Maturity Date would constitute an event of default under the Loan;

**WHEREAS**, the Lender has not agreed to any loan modification, and the Company has determined that it will be unable to pay the Payoff Amount by the Maturity Date;

**WHEREAS,** the Company has determined on advice of counsel that it is necessary for the Company to file a petition (the "*Petition*") under chapter 11, title 11 of the United States Code (the "*Bankruptcy Code*") in a United States Bankruptcy Court that the Designated Officer (as defined below) determines to be appropriate (the "*Bankruptcy Court*"); and

**WHEREAS,** it is vital to the prospects for a successful chapter 11 case that the Company engage knowledgeable, experienced, and competent bankruptcy counsel and related professionals for representation in a bankruptcy case.

**Filing of Bankruptcy Petition**

**BE IT RESOLVED,** that the Company is authorized to seek protection under the Bankruptcy Code and that the Company (by and through its Designated Officer) be and hereby is authorized and empowered to execute petitions, instruments, and other documents and pursue such proceedings as may be necessary to secure for the Company any and all relief to which it may be entitled under the Bankruptcy Code;

**BE IT FURTHER RESOLVED**, that Ken Williams (the "*Designated Officer*"), is hereby authorized, empowered, and directed on behalf of and in the name of the Company to execute and

verify the Petition as well as all other ancillary documents and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents as the Designated Officer, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by such Designated Officer);

**Retention of Professionals**

**BE IT FURTHER RESOLVED,** that the Company has elected to employ the law firm Hunton Andrews Kurth LLP ("**Hunton**") as counsel in the representation of the Company in connection with all aspects of the chapter 11 bankruptcy proceeding, to provide Hunton with one or more advance retainer payments prior to the filing of the Petition, and to pay Hunton according to its rates for all services incurred and costs expended in such representation of the Company;

**BE IT FURTHER RESOLVED**, that the Designated Officer is hereby authorized, empowered and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code and with respect to its chapter 11 case; and in connection therewith, the Designated Officer is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Petition and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

**Financing Transactions**

**BE IT FURTHER RESOLVED**, that the Company, as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, hereby is authorized and empowered to obtain post-petition financing under terms which may be negotiated by the Designated Officer, including under debtor-in-possession credit facilities or the use of cash collateral, and to undertake related financing transactions (collectively, "**Financial Transactions**"), from such lenders and on such terms as may be approved by the Designated Officer, as reasonably necessary for the continuing conduct of the affairs of the Company, and to grant security interests in and liens upon all or substantially all of the Company's assets as may be deemed necessary by the Designated Officer in connection with such Financial Transactions;

**BE IT FURTHER RESOLVED**, (i) that the Designated Officer is hereby authorized, directed, and empowered in the name of and on behalf of the Company, as debtor and debtor-in-possession, to take such actions and to prepare, negotiate, execute, deliver and perform such agreements, certificates, instruments, guaranties, notices, and any and all other documents as the Designated Officer may deem necessary or appropriate to facilitate the Financial Transactions (collectively, the "**Financing Documents**"); (ii) that Financing Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Designated Officer are approved; (iii) that the actions of the Designated Officer taken pursuant to this resolution, including the execution and delivery of all agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of the approval thereof by such officer and by the Company; and (iv) that upon such

2

execution and delivery of all of the foregoing documents, instruments and agreements, and the execution and delivery thereof by all other parties or signatories thereto, the Company shall be bound by the terms and conditions set forth therein;

**Restructuring**

**BE IT FURTHER RESOLVED**, that the Designated Officer is hereby authorized, directed, and empowered on behalf of the Company to develop and propose a chapter 11 restructuring plan (the "***Restructuring Plan***") and to seek and obtain Bankruptcy Court approval thereof; and to negotiate and enter into any ancillary agreements in connection with the Restructuring Plan; and to cause the Company to perform under any such agreement subject to the approval of the Bankruptcy Court; and, in connection therewith, the Designated Officer is hereby authorized and directed to execute appropriate agreements and related ancillary documents;

**General Authority**

**BE IT FURTHER RESOLVED**, that the Designated Officer is hereby authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by such Designated Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of the Restructuring Plan and related disclosure statement;

**BE IT FURTHER RESOLVED**, that in addition to the specific authorizations and powers heretofore conferred upon the Designated Officer, the Designated Officer hereby is authorized, empowered and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including filing fees, in each case as in such officer's judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

**BE IT FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken or to be taken by the Designated Officer and the membership of the Company in connection with the implementation of these resolutions are hereby in all respects ratified, confirmed, and approved.

*[Signature page follows]*

3

**IN WITNESS WHEREOF,** the Company hereby adopts the above resolutions and the undersigned having affixed his signature as the majority member of the Company.

Dated: December 23, 2025
Washington, D.C.

                                          **MAJORITY MEMBER:**

*Ken Williams*
Ken Williams (Dec 23, 2025 01:29:27 GMT+3)

Ken D. Williams

4

**HUNTON ANDREWS KURTH LLP**
Justin F. Paget (*Pro hac vice* pending)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*Pro hac vice* pending)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804)788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| In re: | Chapter 11 |
|---|---|
| **Allied Telecom Group, LLC,** | Case No. __-_____ |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Ken D. Williams | 2000 Pennsylvania Avenue, NW, Ste 7000 Washington, D.C. 20006 | 98% |
| Estate of Kimberly A. W. Bendowski | 4021 20th Street, NE, Washington, D.C. 20018 | 2% |

Dated: December 23, 2025
Richmond, Virginia

                                                        Respectfully submitted,

/s/ *Jennifer E. Wuebker*
_____
Justin F. Paget (*Pro hac vice* pending)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*Pro hac vice* pending)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:    (804)788-8200
Facsimile:     (804)788-8218
Email:          jpaget@hunton.com
                 jwuebker@hunton.com
                 nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*

2

**HUNTON ANDREWS KURTH LLP**
Justin F. Paget (*Pro hac vice* pending)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*Pro hac vice* pending)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804)788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**Allied Telecom Group, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. __-_____ |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rules of Bankruptcy Procedure 1007 and 7007.1, the above-captioned debtor and debtor-in-possession (the "***Debtor***") certifies that it is a non-governmental corporate entity that is privately owned by individual Ken D. Williams (98%) and the Estate of Kimberly A. W. Bendowski (2%). The Debtor has no parent corporation, and no public corporation owns 10% or more of the Debtor's membership interests.

[*Remainder of Page Intentionally Left Blank*]

Dated: December 23, 2025
Richmond, Virginia

    Respectfully submitted,

    /s/ *Jennifer E. Wuebker*
    Justin F. Paget (*Pro hac vice* pending)
    Jennifer E. Wuebker (D.C. Bar No. 1035039)
    Nicholas S. Monico (*Pro hac vice* pending)
    **HUNTON ANDREWS KURTH LLP**
    951 E. Byrd Street
    Richmond, Virginia 23219
    Telephone:     (804)788-8200
    Facsimile:      (804)788-8218
    Email:          jpaget@hunton.com
                    jwuebker@hunton.com
                    nmonico@hunton.com

    *Proposed Counsel for the Debtor and Debtor in Possession*

**HUNTON ANDREWS KURTH LLP**
Justin F. Paget (*Pro hac vice* pending)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*Pro hac vice* pending)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804)788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Allied Telecom Group, LLC,** | **Case No. __-_____** |
| **Debtor.** | |

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

1. Pursuant to 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   I have agreed to provide services on an hourly basis. As of the date hereof, I have received $175,000 in advanced retainer for my representation of the above-captioned debtor.

2. The source of the compensation paid to me was:

   ☒Debtor          ☐Other (specify) _____

3. The source of compensation to be paid to me is:

   ☒Debtor          ☐Other (specify) _____

1

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members or associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. preparation and filing of any petition, schedules, statements of affairs, and plan which may be required;
   c. representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof; and
   d. any other services as may be necessary to prosecute the above caption chapter 11 case.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

   N/A

## CERTIFICATION

I certify that the foregoing is an accurate statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: December 23, 2025

/s/ *Justin F. Paget*
Justin F. Paget (*Pro hac vice* pending)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:    (804)788-8200
Facsimile:    (804)788-8218
Email:    jpaget@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*

2

**Fill in this information to identify the case:**

Debtor name: Allied Telecom Group, LLC

United States Bankruptcy Court for the: _____ District of Columbia (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders      12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Verizon Services Corp.<br>PO Box 1680<br>Newark, NJ 07101-6801 | | Trade Debt | | | | 1,756,557.64 |
| 2 | Zayo Network Services, LLC<br>PO Box 201953<br>Dallas, TX 75320-1953 | (800) 390-6094;<br>customerservice@zayo.com | Trade Debt | | | | 161,303.62 |
| 3 | Company Works LLC<br>575 12 Road S; Suite 919<br>Arlington, VA 22202 | (202) 921-7300;<br>info@gocompanyworks.com | Professional Services | | | | 116,003.58 |
| 4 | 1400 Crystal Property Owner, L.P.<br>Vanderbilt Office Properties<br>2550 South Clark Street; Suite 101<br>Arlington, VA 22202 | | Landlord (Rent) Debt | | | | 71,047.05 |
| 5 | Equinix, Inc.<br>PO Box 76031<br>Dallas, TX 75373-6031 | (650) 513-7000;<br>contracts@Equinix.com | Trade Debt | | | | 53,876.54 |
| 6 | Verizon Services Corp.<br>PO Box 15043<br>Albany, NY 12212-5043 | | Trade Debt | | | | 53,093.37 |
| 7 | GTT; GC Pivotal LLC<br>7900 Tysons One Place<br>Suite 1450<br>Mclean, VA 22102 | | | | | | 46,805.04 |
| 8 | CoreSite<br>PO Box 74338<br>Cleveland, OH 44194-4338 | (303) 405-1008;<br>Erina.Connolly@coresite.com | Trade Debt | | | | 45,746.91 |

Official Form 204        Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims        page 1

Debtor **Allied Telecom Group, LLC**
Name

Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | 6Sense Insights, Inc  c/o AFM Legal PC  PO Box 736150  Chicago, IL 60673 | | | | | | 34,591.29 |
| 10 | Comcast  PO Box 70219  Philadelphia, PA 19176-0219 | (866) 343-3781; Premier_CustomerSupport@comcast.com | Trade Debt | | | | 33,324.67 |
| 11 | Commonwealth of VA  Virginia Department of Taxation  PO Box 1777  Richmond, VA 23218-1777 | (804) 367-8037 | Tax Debt | | | | 16,723.10 |
| 12 | Rev.io  PO Box 123790 Dep 3790  Dallas, TX 75312 | (866) 470-5502; billing@rev.io | Trade Debt | | | | 15,641.80 |
| 13 | Connected2Fiber, Inc  134 Flanders Road; Suite 375  Westborough, MA 01581 | jreeve@connectbase.com | Trade Debt | | | | 11,967.00 |
| 14 | DocuSign, Inc  PO Box 123428  Dallas, TX 75312-3428 | (415) 376-3898 | Trade Debt | | | | 6,065.28 |
| 15 | NT Connections  1840 Michael Faraday Dr. Ste 302  Reston, VA 20190 | Laura.Shannon@ntconnections.net | | | | | 530.10 |
| 16 | Marcum, LLP  1899 L Street, NW; Suite 850  Washington, DC 20036 | | | | | | 234.00 |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

**Fill in this information to identify the case and this filing:**

Debtor Name: Allied Telecom Group, LLC

United States Bankruptcy Court for the: _____ District of Columbia
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/23/2025          X  *Ken Williams*
             MM / DD / YYYY           Ken Williams (Dec 23, 2025 01:29:27 GMT+3)
                                      Signature of individual signing on behalf of debtor

                                      Ken Williams
                                      Printed name

                                      Designated Officer
                                      Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Verizon Services Corp.
PO Box 16801
Newark, NJ 07101-6801

Zayo Network Services, LLC
PO Box 201953
Dallas, TX 75320-1953

Company Works LLC
575 12 Road S, Suite 919
Arlington, VA 22202

1400 Crystal Property Owner, L.P.
Vanderbilt Office Properties
2550 South Clark Street; Suite 101
Arlington, VA 22202

Equinix, Inc
PO Box 76031
Dallas, TX 75373-6031

Verizon Services Corp.
PO Box 15043
Albany, NY 12212-5043

GTT; GC Pivotal LLC
7900 Tysons One Place, Suite 1450
Mclean, VA 22102

CoreSite
PO Box 74338
Cleveland, OH 44194-4338

```
6Sense Insights, Inc
c/o AFM Legal PC
PO Box 736150
Chicago, IL 60673




Comcast
PO Box 70219
Philadelphia, PA 19176-0219




Commonwealth of VA
Virginia Department of Taxation
PO Box 1777
Richmond, VA 23218-1777




Rev.io
PO Box 123790 Dep 3790
Dallas, TX 75312




Connected2Fiber, Inc
134 Flanders Road; Suite 375
Westborough, MA 01581




DocuSign, Inc
PO Box 123428
Dallas, TX 75312-3428




NT Connections
1840 Michael Faraday Drive
Suite 302
Reston, VA 20190




Marcum, LLP
1899 L Street, NW, Suite 850
Washington, DC 20036
```

```
Quaint Oak Bank
501 Knowles Avenue
Southampton, PA 18966
```