Darrell W. Clark, No. 450273
Tracey M. Ohm, No. 982727
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9948
darrell.clark@stinson.com
tracey.ohm@stinson.com
ruiqiao.wen@stinson.com
*Counsel for the Operating Subsidiaries of*
*Verizon Communications Inc.*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| Allied Telecom Group, LLC | ) | Case No. 25-00599-ELG<br>Chapter 11 |
| Debtor. | ) | |

**VERIZON ENTITIES' APPLICATION FOR ALLOWANCE OF ADMINISRATIVE EXPENSE AND REQUEST FOR PAYMENT AND <u>NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST HEARING</u>**

The Operating Subsidiaries of Verizon Communications Inc., including, among others, Verizon Services Corp. (collectively, the "Verizon Entities"), hereby file their Application for Allowance of Administrative Expense and Request for Payment, and respectfully state as follows:

**<u>BACKGROUND</u>**

1. On December 23, 2025 (the "Petition Date"), the above-captioned debtor, Allied Telecom Group, LLC (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtor has continued to operate its business and manage its properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed in this case. On January 23, 2026, the United States Trustee filed a notice that no unsecured creditors' committee had been appointed.

3. The Debtor is an internet service provider ("ISP") based in Washington, D.C. The Debtor is certified as a Competitive Local Exchange Carrier ("CLEC") and delivers a comprehensive suite of business-oriented connectivity and communication solutions to its customers, including high-performance business internet, data transport, cloud connectivity, and private networking.

4. Prior to the Petition Date, the Verizon Entities provided telecommunications services to the Debtor pursuant to agreements between the parties (collectively, the "Agreements"). As a CLEC and ISP, the Debtor depends on the telecommunications infrastructure and connectivity services provided by the Verizon Entities as the backbone of the Debtor's own service delivery to its customers.

5. On the Debtor's Schedule E/F, Verizon Services Corp. is listed as holding two unsecured claims in the amounts of $1,756,557.64 and $53,093.37. *See* ECF Dkt. No. 56.

6. On April 17, 2026, Verizon Services Corp. filed a proof of claim in the amount of $1,901,157.22 for unpaid pre-petition balances. *See* Claim No. 8-1.

7. On April 3, 2026, the Debtor filed a Motion for Sale of Property under 11 U.S.C. § 363(b). On June 24, 2026, the Court entered an order (the "Sale Order") authorizing the sale of substantially all of the Debtor's assets to LightCore MetroNet, LLC, the assumption and assignment of certain executory contracts and unexpired leases, and related relief. Upon information and belief the sale closed on or around August 27, 2026.

8. Since the Petition Date, the Verizon Entities have continued to provide telecommunications services to the Debtor and the Debtor's estate in the ordinary course of

business pursuant to the Agreements. Through the use of these telecommunications services, the Debtor has been able to continue its ongoing business operations, including providing connectivity and communication solutions to its own customers. These services were vital and indispensable to the Debtor's ongoing business operations as a CLEC and ISP; without them, the Debtor could not function, maintain its operations, or serve its customer base. The continued provision of these services was critical to preserving the going-concern value of the Debtor's business and maximizing value for stakeholders in connection with the sale to LightCore MetroNet, LLC.

9. However, despite the significance, importance, and essential nature of the telecommunications services provided by the Verizon Entities pursuant to the Agreements, the Debtor has failed to make post-petition payments in accordance with the Agreements.

10. Specifically, as of August 25, 2026, the Debtor's outstanding post-petition balance totals $1,080,070.88, of which $686,144.00 is past due. A Statement of Account detailing the outstanding post-petition balance is attached hereto as **Exhibit A**.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

11. By this Application, the Verizon Entities respectfully request that this Court allow their administrative expense claim pursuant to Sections 503(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code, and order the Debtor to remit payment of the allowed administrative expense claim.

12. Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense." 11 U.S.C. § 503(a). No deadline has been set by the Court for filing requests for payment of administrative expenses. Accordingly, this Application is timely filed.

13. Section 503(b)(1)(A) of the Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including … the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Section 507(a)(2) of the Bankruptcy Code accords second priority to administrative expenses allowed under Section 503(b). 11 U.S.C. § 507(a)(2).

14. An administrative expense "[a]rises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession," where "the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *In re Ellipso, Inc.*, 2012 WL 827103, at *1 (Bankr. D.D.C. Mar. 9, 2012) (quoting *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007)); *id.* at *1, *4 (granting motion to allow administrative expense claim in part and finding claimant, who worked for the debtor, was entitled to an administrative claim for "the reasonable value of his services provide" to the estate post-petition); *see also In re Colortex Indus., Inc.*, 19 F.3d 1371, 1383 (11th Cir. 1994) ("the benefit must run to the debtor and be fundamental to the conduct of its business").

15. The policy behind allowing administrative expense claims in Chapter 11 cases "is to encourage creditors to supply necessary resources to debtors post-petition," thereby "allow[ing][the debtor] to operate its business for the benefit of pre-petition creditors and to attempt to effectuate a successful reorganization." *In re Climax Chem. Co.*, 167 B.R. 665, 667 (Bankr. D.N.M. 1994). "[E]ntities should be encouraged to participate in the reorganization of an insolvent company" by being reimbursed for their expenses. *In re Seneca Oil Co.*, 65 B.R. 902, 905 (Bankr. W.D. Okla. 1986).

16. Here, the Verizon Entities have continued to provide telecommunications services to the Debtor's estate since the Petition Date pursuant to the Agreements. Given the Debtor's

identity as a CLEC and ISP, the telecommunications infrastructure and connectivity services provided by the Verizon Entities constitute an essential element of the Debtor's own service delivery to its customers. Without these services, the Debtor could not have continued to provide connectivity and communication solutions to its customers or maintained the going-concern value that supported the § 363 sale to LightCore MetroNet, LLC. The benefit to the estate is direct and concrete: the Verizon Entities' services enabled the Debtor to maintain its customer base, preserve its going-concern value, and facilitate the sale process that is the centerpiece of this Chapter 11 case. Accordingly, the telecommunications services provided by the Verizon Entities are actual, necessary costs and expenses of preserving the estate under Section 503(b)(1)(A) of the Bankruptcy Code.

17. Accordingly, the amounts owed by the Debtor to the Verizon Entities for post-petition telecommunications services constitute allowable administrative expenses under Sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

18. As of August 25, 2026, the Debtor owes the Verizon Entities $1,080,070.88 for post-petition services, of which $686,144.00 is past due.

19. The Verizon Entities reserve the right to amend the amount of their administrative expense claim to include additional amounts that accrue and become due for post-petition services provided after the filing of this Application.

**WHEREFORE**, the Verizon Entities respectfully request that this Court enter an Order:

A. Granting the Application in its entirety;

B. Allowing the Verizon Entities' administrative expense claim in the amount of $1,080,070.88, plus any additional post-petition amounts that have accrued and become due since the filing of this Application;

C. Requiring the Debtor to remit payment to the Verizon Entities of the entire allowed administrative expense claim within fifteen (15) days of entry of the Court's Order; and

D. Granting such other and further relief as this Court deems just and equitable.

**NOTICE OF OPPORTUNITY TO OBJECT TO VERIZON ENTITIES' APPLICATION FOR ALLOWANCE OF ADMINISRATIVE EXPENSE AND REQUEST FOR PAYMENT AND REQUEST HEARING**

The Verizon Entities have filed an Application for Allowance of Administrative Expense and Request for Payment seeking allowance and payment of their administrative expense claim in the amount of $1,080,070.88, plus any additional post-petition amounts that have accrued and become due since the filing of this Application, against Allied Telecom Group, LLC ("Debtor").

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to approve the application, or if you want the Court to consider your views on the matter, then:

on or before **September 11, 2026**, you or your attorney must file with the Court a written objection to the application. The objection must be filed with the Clerk of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection.

If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy of your objection to:

Darrell W. Clark
Tracey M. Ohm
Ruiqiao Wen
Stinson LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006

You may also file a request for hearing on the application. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the application and may enter an order approving the application. The Court may approve the application without a hearing if the objection filed states inadequate grounds for denial of the application. Parties in interest with questions may contact the undersigned.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Ruiqiao Wen*

Darrell W. Clark, No. 450273
Tracey M. Ohm, No. 982727
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9948
darrell.clark@stinson.com
tracey.ohm@stinson.com
ruiqiao.wen@stinson.com

*Counsel for the Operating Subsidiaries of Verizon Communications Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, copies of the forgoing Verizon Entities' Application for Allowance of Administrative Expense and Request for Payment, notice of opportunity to object, and proposed order were served on all parties registered to receive service in this case through the Court's CM/ECF system, and by first class mail, postage prepaid, upon the attached Creditor Matrix.

*/s/ Ruiqiao Wen*

Ruiqiao Wen