UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>Allied Telecom Group, LLC<br><br>Debtor. | Case No. 25-00599-ELG<br>Chapter 11<br><br>**Hearing Date: Nov. 10, 2026**<br>**Hearing Time: 10:00 a.m.**<br>**Re: Dkt. No. 211** |

**VERIZON ENTITIES' RESPONSE AND RESERVATION OF RIGHTS REGARDING MOTION FOR ORDER APPROVING STRUCTURED DISMISSAL OF CASE**

The Operating Subsidiaries of Verizon Communications Inc., including Verizon Services Corp. (collectively, the "**Verizon Entities**"), by and through undersigned counsel, hereby respond and reserve their rights in connection with the Motion for Order Approving Structured Dismissal of Case [Dkt. No. 211] (the "**Structured Dismissal Motion**") filed by debtor Allied Telecom Group, LLC ("**Allied**"). In support of its response and reservation of rights (the "**Response and Reservation**"), the Verizon Entities respectfully state as follows:

**BACKGROUND**

1. On December 23, 2025 (the "**Petition Date**"), Allied filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

Darrell W. Clark, No. 450273
Tracey M. Ohm, No. 982727
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
darrell.clark@stinson.com
tracey.ohm@stinson.com
*Counsel for the Operating Subsidiaries of Verizon Communications Inc.*

2. Following the Petition Date, Verizon Services Corp. ("**Verizon**") provided telecommunications services to Allied pursuant to contractual agreements between the parties (collectively, the "**Verizon Agreements**").

3. Allied fell behind on post-petition payments to Verizon under the Verizon Agreements, and on August 28, 2026, Verizon filed the Verizon Entities' Application for Allowance of Administrative Expense and Request for Payment [Dkt. No. 191] (the "**Verizon Admin Expense Claim Request**") seeking allowance and payment of a post-petition balance of $1,080,070.88 as an administrative claim under Section 503(b) of the Bankruptcy Code.

4. Thereafter, Allied filed a limited objection to the Verizon Admin Expense Claim Request [Dkt. No. 194] and Allied's prepetition secured lender, Quaint Oak Bank ("**Quaint Oak**"), filed a joinder to the limited objection [Dkt. No. 195] (collectively, the "**Limited Objections**"). No other responses were filed in connection with the Verizon Admin Expense Claim Request, which remains pending before the Court.

5. On October 16, 2026, Allied filed the Structured Dismissal Motion, in which it seeks approval of a structured dismissal of the above-captioned case on terms providing, *inter alia*, a process for allowance and payment of professional fees and other administrative expenses, and distribution of remaining funds to Quaint Oak.

**RESPONSE AND RESERVATION OF RIGHTS**

6. The Verizon Entities file the Response and Reservation to reserve their rights in connection with the pending contested matter comprised of the Verizon Admin Expense Claim Request and the Limited Objections in light of Allied's proposed case dismissal.

7. Contemporaneously with the filing of the Response and Reservation, the Verizon Entities have filed a proposed Stipulation and Agreed Order (the "**Proposed Stipulation and**

**Agreed Order**") that would resolve the Verizon Admin Expense Claim Request and the Limited Objections in their entirety.

8. Nothing in the Proposed Stipulation and Agreed Order modifies the relief sought in the Structured Dismissal Motion. The Proposed Stipulation and Agreed Order would provide Verizon with an allowed administrative expense claim in the reduced amount of $280,070.88 (the "**Allowed Verizon Admin Claim**"). The Allowed Verizon Admin Claim would be eligible for pro rata distribution from the amount reserved for payment of administrative claims in the wind-down budget attached to the Structured Dismissal Motion.

9. As of the time of filing the Response and Reservation, Allied has informed the Verizon Entities that it is agreeable to entering into the Proposed Stipulation and Agreed Order. Although the Proposed Stipulation and Agreed Order was also shared with Quaint Oak in advance of filing, the Verizon Entities have not yet heard whether Quaint Oak supports or opposes the Proposed Stipulation and Agreed Order.

10. Although the Verizon Entities do not generally object to the relief sought in the Structured Dismissal Motion, Allied's bankruptcy case should not be dismissed without addressing the Verizon Admin Expense Claim Request. The Verizon Entities reserve all rights accordingly.

Dated: November 3, 2026

Respectfully submitted:

*/s/ Tracey M. Ohm*

Darrell W. Clark, No. 450273
Tracey M. Ohm, No. 982727
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9948
darrell.clark@stinson.com

tracey.ohm@stinson.com
ruiqiao.wen@stinson.com

*Counsel for the Operating Subsidiaries of Verizon Communications Inc., including Verizon Services Corp.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of November, 2026, a copy of the foregoing Response and Reservation was filed and served electronically on all parties registered to receive service in this case through the Court's CM/ECF system.

*/s/ Tracey M. Ohm*
Tracey M. Ohm